IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tremaine Brown, | Case No. 4:07 CV 239 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| David Bobby, | |
| Respondent. | |

### INTRODUCTION

Petitioner Tremaine Brown, a prisoner in state custody at Trumbull Correctional Institution in Leavittsburg, Ohio, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). In 2003, a Mahoning County jury convicted Petitioner for murder with a firearm specification in violation of R.C. § 2903.02(A)(D) (Court of Common Pleas Case No. 03 CR 740). The Court sentenced Petitioner to fifteen years to life for murder and an additional term of three years for the firearm specification.

Petitioner raises three grounds for relief: (1) trial counsel was ineffective for failing to raise the defense of accidental shooting; (2) the evidence was legally insufficient to convict him because the State did not prove intent; and (3) the State knew or had reason to believe the statement of a witness was both false and prejudicial. For the reasons that follow, the Writ is denied.

### JURISDICTION

Petitioner satisfies the requirements for habeas jurisdiction. "A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the

Constitution, laws or treaties of the United States." *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (citing 28 U.S.C. § 2254). Petitioner is "in custody" for purposes of habeas jurisdiction, and alleges the trial court violated the Sixth and Fourteenth Amendments of the United States Constitution.[1]

### FACTS AND PROCEDURAL BACKGROUND

Petitioner filed a timely appeal of his conviction in the Seventh Appellate District, Mahoning County, where he raised the following assignments of error: (1) counsel's failure to present a defense that was legally supported by the facts of the case denied him effective assistance of counsel; (2) the conviction of murder is against the manifest weight of the evidence; and (3) the State failed to produce sufficient evidence to prove Petitioner was guilty of murder. The state appellate court found the claims meritless and affirmed his conviction, making the following findings:

> At about 3:00 on the morning of June 18, 2003, Brown shot and killed his live-in girlfriend, Tawonna Thomas. Multiple witnesses saw him arguing with Thomas earlier that evening over his history of cheating on her and one witness claimed that Brown pointed a firearm at Thomas and "clicked it" minutes before he actually killed her. Brown admitted killing her, but alternatively claimed that the shooting was an accident and that he acted in self-defense.
>
> Brown was indicted for one count of murder with a firearm specification and the matter proceeded to a jury trial. At trial, Brown's counsel attempted to argue that Brown was acting in self-defense when he killed Thomas, rather than arguing that the shooting was an accident.

*State v. Brown*, 2005-Ohio-4502, at ¶¶ 6-7 (Ohio Ct. App. 2005).

Petitioner filed a timely appeal with the Ohio Supreme Court where he alleged two errors: (1) ineffective assistance of counsel; and (2) insufficiency of evidence to sustain his murder conviction.

---

[1] In a habeas case "the factual findings made by a state court in the direct appeal are presumed to be correct." *Keith v. Mitchell*, 455 F.3d 662, 666 (6th Cir. 2006) (citing 28 U. S. C. § 2254 (e)(1)).

2

The Ohio Supreme Court denied leave to appeal and dismissed the case for failure to raise any substantial constitutional question. *State v. Brown*, 107 Ohio St. 3d 1700 (2005) (Table).

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2241 *et seq.*, governs this case and provides at Section 2254:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the "contrary to" prong of Section 2254(d)(1), a federal habeas court may grant the writ if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). The "unreasonable application" prong permits the federal habeas court to "grant the writ if the state court identifies the correct governing legal principle" from a Supreme Court decision but "unreasonably applied the principle to the facts" of the petitioner's case. *Id.* at 407.

To grant a petition, a federal court must find a state's application of such law "objectively unreasonable" in light of "clearly established federal law." *Id*. at 409. Federal law is "clearly established" according to the holdings of the Supreme Court, as opposed to its dicta, at the time of the state court decision. *Id.* A federal court may not issue a writ of habeas corpus merely because it

3

determines a state court applied clearly established federal law "erroneously or incorrectly." *Id.* at 411. The state court's "application must also be unreasonable." *Id.* A determination of a factual issue by a state court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

## ANALYSIS

### Ineffective Assistance of Counsel

In Ground One, Petitioner argues he was "denied his constitutional right to effective assistance of counsel at his trial in violation of the Sixth and Fourteenth Amendments of the United States Constitution." Specifically, Petitioner argues his counsel was ineffective for presenting the affirmative defense of self-defense to the charge of murder rather than claiming the shooting was accidental.

To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires a showing that counsel made errors so serious as to deny the functioning of "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*[2] The "prejudice" prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A reasonable possibility must be a probability sufficient to undermine confidence in the outcome

---

[2] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where in the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

of the case. *Id.* Finally, courts need not address the question of sufficient prejudice if it is easier to dispose of an ineffectiveness claim on the ground that counsel's performance was not deficient.

Petitioner asserts he was prejudiced by trial counsel's decision to pursue a theory of self-defense rather than arguing the killing was an accident. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* Accordingly, a petitioner has a heavy burden of proof when attempting to show his counsel was ineffective. *Id.* at 689 (citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

At trial, Petitioner introduced evidence showing the decedent, Tawonna Thomas, had a history of shooting at him when she saw him with another woman. Shortly before shooting Thomas, Petitioner testified he attempted to persuade her from shooting a woman he had been with earlier that day. Petitioner testified he followed Thomas to her car and retrieved the gun she unintentionally dropped. Thomas reached for what Petitioner believed was another gun, and Petitioner shot her as a "reflex." *State v. Brown*, 2005-Ohio-4502, at ¶16 (Ohio Ct. App. 2005).

Counsel could arguably support a claim of self-defense. Petitioner testified he was in fear of his life and shot Thomas while aiming the gun at her. Furthermore, Petitioner does not show a reasonable probability that, had defense counsel requested and received jury instructions on accidental death, the jury would have found him guilty of involuntary manslaughter instead of murder. *See Fischer v. Morgan*, 83 F. App'x 64, 66 (6th Cir. 2003) (concluding counsel was not ineffective for failing to request a lesser-included offense instruction where the evidence was sufficient to support the greater offense).

The conclusion of the Mahoning County Court of Appeals that Petitioner's speculations are insufficient to overcome the presumption that counsel's actions were "sound trial strategy" was neither contrary to, nor an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. Thus, Petitioner fails to overcome the presumption that counsel rendered effective assistance.

**Insufficiency of the Evidence**

In Ground Two, Petitioner argues the evidence adduced at trial was legally insufficient to convict him of murder because the State did not prove the required element of intent. When reviewing the sufficiency of evidence in support of a jury verdict, the reviewing court views the evidence in the light most favorable to the prosecution and gives the prosecution the benefit of all reasonable inferences from the testimony. *Jackson v. Virginia,* 443 U.S. 307, 324 (1979). A jury verdict is supported by sufficient evidence if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 326. This standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324; *see Scott v. Perini,* 662 F.2d 428, 431-32 (6th Cir. 1981).

Petitioner was convicted of murder in violation of R.C. § 2903.02(A), which provides that "no person shall purposely cause the death of another . . . ." Because Petitioner admitted to causing the death, the relevant inquiry is whether he did so "purposely." Under Ohio law, "a person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. § 2901.22(A).

6

At trial, all the witnesses testified that on the evening of the shooting they saw Petitioner and the victim arguing over his history of cheating on her. One witness testified Petitioner aimed the gun at Thomas and "clicked it" without discharging a round. *State v. Brown*, 2005-Ohio-4502, at ¶ 6 (Ohio Ct. App. 2005). Minutes before the shooting, Petitioner stated he was about to "act stupid." *Id.* These facts, determined at trial, show Petitioner verbally expressed intent to engage in a violent act in the midst of a heated argument. Witness testimony reveals after pointing the gun at Thomas once and pulling the trigger, Petitioner then raised the gun a second time, aimed, and discharged the round that killed Thomas. As previously explained, it is unlikely either self-defense or accidental death would have prevailed.

Based on these facts, which Petitioner does not dispute, and Petitioner's admission to the shooting at trial, a rational trier of fact could have found beyond a reasonable doubt that Petitioner intended to murder Thomas. Therefore, the state appellate court's holding that the state introduced sufficient evidence to prove each element of murder was not "unreasonable" for the purposes of federal habeas review.

**Procedural Default**

Petitioner claims in Ground Three he was denied his constitutional right to a fair and impartial jury trial because the prosecuting attorney knew or had reason to believe a State witness's testimony was false. Respondent argues this claim should be dismissed for failure to raise it to the Ohio Supreme Court. Petitioner acknowledges he failed to raise this claim but asserts the claim relies on "newly discovered evidence" such that he could not have raised it during his direct appeal.

Under Section 2254(b)(1)(A), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless is appears that -- (A)

the applicant has exhausted the remedies available in the courts of the State . . . ." *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). Under Ohio law, a claim is exhausted by direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. Ohio Appellate Rules 4 and 5(A). The exhaustion requirement includes filing a post-conviction petition under R.C. § 2953.21 for claims that rely upon evidence outside the trial court record that could not have been raised on direct appeal. *See State v. Perry*, 10 Ohio St. 2d 175, 178 (1967). Additionally, R.C. § 2953.23 allows for late filing under circumstances involving claims that must rely on evidence the petitioner was "unavoidably prevented from discover[ing]."

Petitioner asserts he did not exhaust his state remedies on Ground Three because "[t]he information just recently was brought to the Petitioner's attention, after Petitioner's direct appeal was adjudicated . . . ." (Doc. No. 1). However, he does not suggest he was impeded in any way from seeking state post-conviction relief based upon a "new evidence" claim under the exception for late filing set forth in R.C. § 2953.23.[3] Because Petitioner did not raise Ground Three on appeal to either

---

[3]

R.C. § 2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ***

8

the Ohio Court of Appeals, the Ohio Supreme Court, or a post-conviction petition, Ground Three remains unexhausted under Section 2254(b)(1)(A).

Absent a showing that Petitioner has exhausted all available remedies offered by the state court on claims arising under federal law, a federal court may review a habeas corpus petition under limited circumstances, such as where Petitioner can demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 748 (1991). Petitioner has not alleged either of these scenarios and, in any event, such circumstances do not apply here.

## CONCLUSION

The Court of Appeals correctly concluded that claims of ineffective assistance of counsel and insufficiency of the evidence are meritless, and are not "objectively unreasonable" for the purposes of habeas corpus review. Petitioner failed to exhaust all available remedies in the state courts and is without sufficient cause, prejudice or showing that a fundamental miscarriage of justice would result if not fully considered by the federal court. Further, the claims are procedurally barred from federal habeas corpus review.

Accordingly, Petitioner's request for Writ of Habeas Corpus is denied. Under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 28, 2008

9